# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ARREOLA,<br><br>                        Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br><br>                        Defendant. | CASE NO. 18cv242-LAB (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Dkt. 17]** |

This social security appeal was referred to Magistrate Judge Mitchell D. Dembin for a report and recommendation ("R&R"). Judge Dembin's R&R on the cross motions for summary judgment recommends that Plaintiff Guadalupe Arreola's motion be denied and the Defendant Commissioner of Social Security's motion be granted. Dkt. 17. Arreola has objected to Judge Dembin's R&R and the Commissioner has filed a reply in support of the R&R. For the reasons below, the Court **ADOPTS IN FULL** Judge Dembin's R&R.

The R&R sets out the facts of the case, so the Court does not repeat them here. The gist of Arreola's objection is that Judge Dembin's R&R is erroneous because the administrative law judge ("ALJ") in the underlying social security proceeding improperly rejected the testimony of Arreola's treating physician, Dr. Steven Kaiser. Dr. Kaiser's testimony, however, was not rejected. The ALJ's opinion diligently walked through the reports and testimony of various physicians, including Dr. Kaiser, and attributed weight to each of them according to the evidence supporting their conclusions. Dr. Kaiser's opinion that Arreola has certain moderate mental limitations was not rejected, but was instead baked into the ALJ's finding that Arreola's "residual functional capacity" limited her to work on

simple, routine tasks in a non-public setting. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that an ALJ may "translate" moderate mental limitations from a physician's opinion "into the only concrete restrictions available"—such as a restriction to "simple tasks" in the claimant's RFC—and that doing so does not constitute a rejection of the opinion).

More fundamentally, even if the ALJ had rejected Dr. Kaiser's opinion, there is no authority requiring an ALJ to give total deference to the opinion of a treating physician. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("Although the treating physician's opinion is given deference, the ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.") (citation omitted). The various medical opinions examined by the ALJ certainly constitute "substantial evidence" and, to the extent the ALJ's decision is (incorrectly) construed as rejecting Dr. Kaiser's opinion, the great weight of evidence would constitute a specific and legitimate reason for doing so.

For the reasons above, the Court **ADOPTS IN FULL** Judge Dembin's R&R. Dkt. 17. Defendant's Motion for Summary Judgment, (Dkt. 13), is **GRANTED** and Plaintiff's Motion for Summary Judgment, (Dkt. 12), is **DENIED.** The clerk is directed to enter judgment in favor of the Defendant and close the case.

**IT IS SO ORDERED**.

Dated: January 30, 2019

_____
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge